THE BOROUGH OF BRADLEY BEACH, A MUNICIPAL COR-
PORATION, ETC.. PROSECUTOR, v. BOARD OF PUBLIC
UTILITY COMMISSIONERS OF THE STATE OF NEW
JERSEY ET AL., DEFENDANTS.

Decided November 25, 1931.

For the rule, *Joseph R. Megill.*

*Contra, William E. Foster* and *Walter L. McDermott.*

For Avon-by-the-Sea, *Samuel Y. Hampton.*

For the board of public utility commissioners, *Daniel DeBrier.*

BODINE, J. The borough of Bradley Beach seeks a *certiorari* to review an order of the board of public utility commissioners of October 6th, 1931, in the matter of the application of the Coast Cities Railway Company for leave to discontinue street car service between Belmar and Asbury Park and substitute in lieu thereof auto buses for which service a single cash fare of ten cents and six tickets for fifty cents was authorized, together with free transfers at various points.

The street railway company has been operated for several years at a loss. The business is largely seasonal and it appears impossible to afford adequate service during the busy months of the year, and at the same time to cut operating expenses during the remainder of the year. The municipalities affected all gave their consent to the substitution of buses. The sole question argued here and before the public utility commissioners was the necessity of the ten cent fare.

The proofs show that during the last year the company while charging a seven cent fare for trolley transportation met a loss of more than $50,000. In operating buses in other localities, and charging a uniform rate of ten cents except on a single route in Long Branch little more than expenses have been covered. The railway company has not paid dividends for the last six years. Since the operation of the trolleys at the seven cent fare has been unprofitable and the operation of buses at the ten cent fare has yielded no more than a reasonable return, the action of the utility board in allowing the ten cent rate with an option to purchase six tickets for fifty cents seems proper and supported by the testimony.

The writ will therefore be denied, with costs.